UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOHN ARTHUR JOHNSON,

        Plaintiff,

- against -

JOANNA DAVIS, Warden GMDC; OFFICER
CHAVEZ; CAPTAIN MEDLEY; CITY OF NEW
YORK, et al.,

        Defendants.
----------------------------------------------------------X

**MEMORANDUM AND ORDER**
12-CV-2449 (RRM)(MDG)

ROSLYNN R. MAUSKOPF, United States District Judge.

    Plaintiff John Arthur Johnson, currently incarcerated at Rikers Island, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is GRANTED. (Doc. No. 2.) For the reasons discussed below, plaintiff's claims against the City of New York are DISMISSED. Plaintiff's remaining claims shall proceed.

## STANDARD OF REVIEW

    *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant # 1*, 537 F.3d 185, 191-93 (2d Cir. 2008). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its

1

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

However, under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.*; *Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under 28 U.S.C. § 1915A, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); *see also Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999).

## BACKGROUND

Plaintiff alleges, *inter alia*, that on June 10, 2011, he was denied assistance after slipping on a wet floor subsequent to a fire emergency at Rikers Island. (Compl. at 2, ¶¶ 11, 12.) Plaintiff further alleges that on October 15, 2011, he was assaulted by a fellow inmate and correction officers failed to protect him from the attack. (Compl. at 2, ¶ 15.) Plaintiff also states that he was illegally placed in solitary confinement for 79 days as a result of the October 15, 2011 incident. (*Id.*) Finally, plaintiff alleges that on January 1, 2012, he was again assaulted by another inmate and that correction officers falsified reports pertaining to the incident. (Compl. at 2, ¶ 16.) Plaintiff seeks monetary, declaratory and injunctive relief. (Compl. at 3-4, ¶¶ 22-25.)

## DISCUSSION

Plaintiff's claims against the City of New York must be dismissed. A municipality, such as the City of New York, can be liable under § 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. *See Monell v. Dep't of*

2

*Soc. Servs.*, 436 U.S. 658, 690-91 (1978). The doctrine of *respondeat superior* cannot be used to establish municipal liability. *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333-34 (2d Cir. 2011); *Dzugas-Smith v. Southhold Union Free Sch. Dist.*, No. CV-08-1319(SJF), 2012 WL 1655540, at *20 (E.D.N.Y. May 9, 2012). Here, plaintiff does not allege, and nothing in his complaint suggests, that any of the allegedly wrongful acts or omissions on the part of any City employee are attributable to a municipal policy or custom. Thus, plaintiff has not made the requisite showing that would confer *Monell* liability on the City of New York.

## CONCLUSION

Accordingly, plaintiff's claims against the City of New York are dismissed pursuant to 28 U.S.C. § 1915A. No summons shall issue as to this defendant. Plaintiff's remaining claims shall proceed. The United States Marshal Service is directed to serve the summonses, complaint, and this Order upon the remaining defendants without prepayment of fees. A courtesy copy of the same papers shall be mailed to the Corporation Counsel for the City of New York. All pretrial matters are referred to Magistrate Judge Go. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      May 23, 2012

ROSLYNN R. MAUSKOPF
United States District Judge