```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN ARTHUR JOHNSON,

                Plaintiff,                                    **MEMORANDUM AND ORDER**
                                                              12-CV-2449 (RRM) (MDG)
        - against -

JOANNA DAVIS, Warden GMDC; OFFICER
CHAVEZ; CAPTAIN HEADLEY,

                Defendants.
------------------------------------------------------------X
```
ROSLYNN R. MAUSKOPF, United States District Judge.

Plaintiff *pro se* John Arthur Johnson, an inmate at Rikers Island, alleges that the defendants, all corrections officers employed at Rikers Island, denied him his constitutional rights on three separate occasions. First, he claims that when he slipped on a wet floor in the course of a fire evacuation, defendant Davis walked by him without offering any assistance. Next, he argues that "jail officials" failed to protect him from another inmate throwing coffee at him. Last, he contends that defendants Chavez and Headley failed to protect him from an assault by a different inmate, and then falsified their reports after the incident.

Before the Court is defendants' fully-briefed motion for summary judgment. For the reasons below, that motion is granted.

## BACKGROUND

The following undisputed facts are drawn from the defendants' Local Rule 56.1 statement together with Johnson's opposition to the instant motion. On July 11, 2011, Johnson was moving through a hallway at Rikers Island as part of an evacuation due to a nearby fire. Because the fire-prevention sprinklers had been activated, the floor of the hallway was wet, and as Johnson moved through, he slipped and fell to the ground. He alleges that, at that point, Davis walked by him without offering him any assistance. Johnson got off the ground and walked to the cafeteria, where a different officer then took him to the medical clinic. X-rays of his back were negative, and he was diagnosed with a contusion on his right arm.

A few months later, on October 15, 2011, Johnson claims that another inmate threw coffee at him and then charged at him. In response, Johnson hit the inmate with his cane. Johnson further claims that on January 1, 2012, a different inmate, whom Johnson had never seen before, attacked him, punching him 15 to 18 times before officers separated them. Johnson alleges that Chavez falsified his report of the incident, and that Headley did the same in order to "validate" Chavez's report. Johnson was taken to the clinic after the incident, and was diagnosed with contusions on his face, scalp, and neck.

Johnson filed the instant Complaint on May 14, 2012. (Doc. No. 1.) On May 24, 2012, the Court dismissed *sua sponte* claims against the City of New York. (Doc. No. 5.) Chavez and Davis filed their Answer on October 9, 2012 (Doc. No. 14), and after Headley was identified as the third defendant, he filed his Answer on February 25, 2013. (Doc. No. 32.) Following discovery, including the disclosure of medical records and Johnson's deposition, the defendants filed their motion for summary judgment on June 20, 2014, together with Johnson's opposition and their letter in lieu of a reply. (Doc. Nos. 49–54.)

## LEGAL STANDARD

Summary judgment may be granted when the pleadings, depositions, interrogatories, admissions, and affidavits demonstrate that there are no genuine issues of material fact in dispute and that one party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Savino v. City of New York*, 331 F.3d 63, 71 (2d Cir. 2003). And in deciding whether a genuine issue of material fact exists as to an essential element, "all ambiguities must be resolved and all inferences drawn in favor of the party against whom summary judgment is sought." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1223 (2d Cir. 1994).

Summary judgment may also be appropriate "if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to [his or her] case," on which "the nonmoving party bears the burden of proof at trial." *Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993) (quoting *Celotex*, 477 U.S. at 322) (internal quotation marks omitted); *Abramson v. Pataki*, 278 F.3d 93, 101 (2d Cir. 2002). To defeat the defendants' motion for summary judgment, the plaintiff must offer "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor," *Anderson*, 477 U.S. at 256, and "may not rely on conclusory allegations or unsubstantiated speculation." *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998).

The Court is also mindful, however, that the plaintiff is proceeding *pro se*. As such, his allegations are held to a less exacting standard than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008)

(citation omitted).  Because *pro se* litigants "are entitled to a liberal construction of their pleadings," the Court reads Johnson's filings to "raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (internal citations omitted).  Nonetheless, the Court "need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist."  *Molina v. New York,* 956 F. Supp. 257, 259 (E.D.N.Y. 1995).  Where a *pro se* plaintiff has altogether failed to satisfy a pleading requirement, the Court must dismiss the claim.  *See Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997) (citation omitted).

As discussed below, none of Johnson's allegations can survive summary judgment.  He has produced no evidence of a constitutional violation by Davis; he accuses "jail officials" rather the named defendants of failing to protect him from the inmate throwing coffee; and he has produced no evidence of any prior encounters between him and his assailant, nor any evidence that he lodged a complaint or made a request to be separated from this inmate, and or that defendants Chavez and/or Headley knew or purposely ignored that he was in danger before the assault.  As a result, the defendants' motion for summary judgment is granted.

## DISCUSSION

Section 1983 protects individuals from the deprivation of the rights, privileges, and immunities secured to them by the Constitution and federal laws.  *See* 42 U.S.C. § 1983.  But §1983 "itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Hawkins v. Nassau County Correctional Facility*, 781 F. Supp. 2d 107, 111 (E.D.N.Y. 2011) (quoting *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993)).  As a result, in order to survive this motion for summary judgment on his § 1983 claim, Johnson must be able to offer concrete evidence from which a reasonable juror could decide that the defendants deprived him of the rights, privileges, or immunities guaranteed to him by law.

*The July 11, 2011 Incident*

Johnson appears to allege that Davis violated his Eighth Amendment rights by acting deliberately indifferent to his medical needs when she neglected to offer him medical assistance after he fell during the fire evacuation. (Compl. ¶¶ 12, 19.) He further alleges in his opposition that Davis is "directly responsible for the cover up" of the injuries he sustained in the fire. (Aff. In Opp. (Doc. No. 48) ¶ 3.)

To establish a claim for deliberate indifference to a medical need, a plaintiff must allege facts that he was "actually deprived of adequate medical care," *Salahuddin v. Goord*, 467 F.3d 263, 279–80 (2d Cir. 2006), and that the inadequacy in medical care was "sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (citing *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)). A prison official's duty is "only to provide reasonable care," and prison officials who act reasonably in response to an inmate's medical need cannot be found liable under the Eighth Amendment. *Salahuddin*, 467 F.3d at 279 (citing *Farmer v. Brennan*, 511 U.S. 825, 832, 844 (1994)). A plaintiff must also allege that the defendant behaved recklessly by acting or failing to act "while actually aware of a substantial risk that serious inmate harm will result." *Id.* (citation omitted). This deliberate indifference involves the "unnecessary and wanton infliction of pain, or other conduct that shocks the conscience." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996).

As defendants maintain and the Court finds, the uncontroverted record here fails to establish that Johnson was actually deprived of medical care, that any inadequacy in medical care was "sufficiently serious," or that Davis behaved recklessly. First, Johnson admits that a corrections officer escorted him to the medical clinic where he saw a doctor soon after his fall.

5

Any alleged inadequacy of medical care must therefore be found in Davis' failure to help him off the floor immediately after he slipped. But Johnson's injuries clearly did not demand immediate or urgent medical attention. Johnson's X-rays of his back were negative, and he was diagnosed with a contusion on his right arm, for which he was prescribed Tylenol. His injuries therefore fall well short of those that could produce death, degeneration, or extreme pain, and Davis' failure to offer him immediate assistance during the course of a fire evacuation cannot be said to be unreasonable. Lastly, Johnson fails to show that Davis acted recklessly in disregarding his injury – that is, as his injury did not demonstrate an excessive risk to inmate health or safety, failing to help him up cannot constitute the requisite deliberate indifference that shocks the conscience.

*The October 15, 2011 Incident*

Johnson also alleges that on the same date as the fire evacuation, an inmate threw coffee in his face. He has not, however, claimed at any point that Davis, Chavez, or Headley were involved in this incident, much less asserted any related facts sufficient to survive summary judgment. Personal involvement of a defendant in an alleged constitutional violation is a prerequisite to an award of damages under § 1983. *See Spavone v. New York State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant in a § 1983 action is therefore liable only for his own conduct, and cannot be held liable merely because he or she holds a position of authority. *See, e.g.*, *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003) (citation omitted). Thus the defendants cannot be held liable for any deprivations alleged in connection with this incident.

*The January 1, 2012 Incident*

Finally, Johnson alleges that he was assaulted when a fellow inmate attacked him in his dorm room, and Chavez and Headley failed to adequately protect Johnson while in custody. (Compl. ¶¶ 16, 19.) In his opposition, Johnson characterizes the assault as an "ordered hit by Staff at Rikers Island." (Aff. in Opp. (Doc. No. 48) ¶ 4.) Johnson also claims that Chavez and Headley wrote false reports of this incident.

The Eighth Amendment imposes on corrections officials "a duty to protect prisoners from violence at the hands of other prisoners." *Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir. 1997) (citing *Farmer*, 511 U.S. at 833) (alterations and internal quotations omitted). A prisoner injured while in custody can recover for a violation of this duty if the injury resulted from the defendants' purposeful subjection of the prisoner to a substantial risk of serious harm, or from the official's deliberate indifference to that risk. *See id.* (citations omitted). "Courts have found that a substantial risk of harm can only be demonstrated where there is evidence of a previous altercation between a plaintiff and his attacker, coupled with a complaint by plaintiff regarding the altercation or a request by plaintiff to be separated from the attacker." *Dublin v. New York City Law Dep't*, No. 10-CV-2971 (LAP), 2012 WL 4471306, at *5 (S.D.N.Y. Sept. 26, 2012) (citing *Desulma v. City of New York*, No. 98-CV-2078 (RMB) (RLE), 2001 WL 798002, at *6 (S.D.N.Y. July 6, 2001)). For a plaintiff to state a claim for deliberate indifference based on a failure to protect him, he must allege that corrections officers knew of and disregarded a particular risk to his safety. *See Parris v. New York State Dep't of Correctional Services*, 947 F. Supp. 2d 354, 363 (S.D.N.Y. 2013) (citation omitted).

Here, Johnson again fails to offer concrete evidence from which a reasonable juror could decide in his favor. First, there is nothing in the records to support his claim that this incident

7

was an "ordered hit" by corrections personnel, let alone by these named defendants. Further, Johnson admits that this incident was "the first time [he] ever laid eyes on" his assailant. (Ex. C (Doc. No. 52-2) at 42.) By his own admission, there was no prior altercation (or any threat of an altercation) between Johnson and his attacker, and thus, Johnson could not have faced a substantial risk of harm as required to establish his claim. Further, Johnson has offered no evidence that Chavez and Headley knew of a particular threat to his safety, let alone from this particular inmate. In his Complaint, Johnson claims that he requested "protective custody" on "several occasions." (Compl. ¶ 19.) However, the record is devoid of any evidence of these requests, nor is there any indication that any such requests were made to Chavez, Headley, or to anyone else. Because there is no evidence that Chavez or Headley had any reason to know of the existence of a threat of harm toward Johnson, there can be no claim that they then unlawfully disregarded this threat.

## CONCLUSION

For the reasons set forth above, this Court finds that Johnson has not offered concrete evidence from which a reasonable juror could decide that the defendants deprived him of his rights, privileges, or immunities under the Constitution or federal law. There are no genuine issues of material fact remaining, and the defendants are entitled to judgment as a matter of law. The defendants' motion for summary judgment is therefore **GRANTED** in its entirety.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to mail

a copy of this Memorandum and Order and the accompanying Judgment to *pro se* plaintiff, and to close the case.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
       March 20, 2015

_____
ROSLYNN R. MAUSKOPF
United States District Judge